**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Action No.: 10-0083 (JLL) |
| Plaintiff, | |
| v. | **ORDER** |
| L. HARVEY SMITH, | |
| Defendant. | |

Currently before this Court are Motions by the Defendant to (1) dismiss all extortion counts in the Indictment, (2) dismiss the Federal Program Bribery Charge under 18 U.S.C. § 666, (3) grant an evidentiary hearing regarding Defendant's entrapment defense or permit Defendant to assert the entrapment defense as a matter of law, (4) dismiss the indictment on Due Process grounds, (5) grant discovery and an evidentiary hearing regarding the grand jury's investigation, (6) grant a bill of particulars, (7) produce discovery materials under Rule 16, Federal Rule of Evidence 404(b), trial exhibits, Brady and Giglio evidence, and Jencks Act materials, (8) provide a list of all co-conspirator statements and conduct a James hearing, a minimization hearing, and a hearing concerning the admissibility of the recorded conversations, (9) provide discovery regarding the Government's official guidelines for using confidential informants, and (10) permit Defendant to file additional motions as necessary. The Government also made an application for reciprocal discovery. The Court held oral argument on November 1, 2010 and now rules as follows:

1. <u>Motion to Dismiss Counts 1 through 3</u>: Defendant argues that the Indictment alleges only that he accepted payment in exchange for "official influence" but not for "official acts," thus falling outside of the requirements of the Hobbs Act, 18 U.S.C. § 1951, and rendering the Act unconstitutionally vague as applied to Defendant. Proof of a specific official act need not be made to sustain a Hobbs Act conviction. <u>United States v. Antico</u>, 275 F.3d 245, 258 (3d Cir. 2001). The Indictment alleges numerous facts to support a reasonable conclusion that the cooperating witness offered corrupt payments "in exchange for defendant Smith's official assistance, action, and influence." (Cts. 1-3, ¶ 2.) The Court thus concludes that Counts 1 through 3 sufficiently allege violations of the Hobbs Act.

    Due process requires that a statute provide fair warning to make it "reasonably clear at the relevant time that the defendant's conduct was criminal." <u>United States v. Lanier</u>, 520 U.S. 259, 266-67 (1997). The Indictment alleges facts that would show that Defendant was aware that the cooperating witness was soliciting him to engage in criminal activity. (<u>See, e.g.</u>, Ct. 1, ¶ 4.) The Court thus concludes that the Hobbs Act is not unconstitutionally vague as applied to Defendant.

2. <u>Motion to Dismiss Counts 4 and 5</u>: Defendant argues that 18 U.S.C. § 666 cannot be applied to Defendant because the statute targets only non-public officials, and even if it does apply to Defendant, the Government cannot establish that the state agencies that the cooperating witness sought to influence received more than $10,000 in federal funds during one year, as required by the statute. Section 666 states, "Whoever . . . being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof corruptly solicits or demands for the benefit of any person . . . ." 18 U.S.C. § 666(a)(1)(B). The language of the statute serves to "enlarge and clarify the class of persons subject to the federal bribery laws" beyond just federal public officials. <u>United States v. Cicco</u>, 938 F.2d 441, 445 (3d Cir. 1991). The Indictment alleges that Defendant was a New Jersey State Assemblyman during the relevant time period. (Ct. 1, ¶ 1(A).) The Court thus concludes that the Government has sufficiently alleged that 18 U.S.C. § 666 applies to Defendant.

    The statute further requires that "the organization, government, or agency [described in § 666(a)(1)(B)] receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance." 18 U.S.C. § 666(b). The Indictment alleges that "the DEP and DOT were state agencies that received more than $10,000 in federal funds during the relevant one-year period." (Ct. 4-5, ¶ 2.) The Court thus concludes that the Government has sufficiently plead the requirements of 18 U.S.C. § 666(b).

Accordingly, it is on this 15 day of November, 2010,

**ORDERED** that Defendant's Motion to dismiss Counts 1 through 3 of the Indictment is DENIED for the reasons set forth above; and it is further

**ORDERED** that Defendant's Motion to dismiss Counts 4 and 5 of the Indictment is DENIED for the reasons set forth above; and it is further

**ORDERED** that Defendant's Motion to hold an evidentiary hearing regarding the entrapment defense or permit Defendant to introduce evidence at trial relevant to the entrapment defense is DENIED for the reasons set forth in the Court's corresponding Opinion; and it is further

**ORDERED** that Defendant's Motion to dismiss the indictment based on outrageous conduct by the Government and to grant discovery and an evidentiary hearing regarding the grand jury's investigation is DENIED for the reasons set forth by this Court in United States v. Beldini (Criminal Action No. 09-637) and United States v. Manzo (Criminal Action No. 09-759); and it is further

**ORDERED** that Defendant's Motion to grant a bill of particulars is DENIED as sufficient information is given in the Indictment; and it is further

**ORDERED** that Defendant's Motion to produce Brady and Giglio evidence is DENIED as moot, as the Government has represented to this Court that it already so complied; and it is further

**ORDERED** that the parties shall continue to comply with the Court's Standing Order as it pertains to evidence admissible under Federal Rule of Evidence 404(b); and it is further

**ORDERED** that the Government shall produce all Jencks material at least one day prior

to the relevant witness's testimony; and it is further

**ORDERED** that, to the extent that the Government has not done so, the Government shall comply with all discovery requests under Rule 16; and it is further

**ORDERED** that Defendant's Motion to produce a list of all co-conspirator statements and to conduct a James hearing is DENIED without prejudice, to be reexamined at trial in the event that the Government fails to produce appropriate foundational evidence to establish the admissibility of any co-conspirator statements it seeks to introduce; and it is further

**ORDERED** that Defendant's Motion to conduct a minimization hearing and a hearing concerning the admissibility of the recorded conversations is DENIED at moot, as the parties have indicated to the Court that they have stipulated to the authenticity and admissibility of the recordings; and it is further

**ORDERED** that Defendant's Motion to provide discovery regarding the Government's official guidelines for using confidential informants is GRANTED; and it is further

**ORDERED** that Defendant's Motion seeking permission to file additional motions is DENIED. Both parties must seek leave of the Court prior to filing any further motions; and it is further

**ORDERED** that Government's Motion for reciprocal discovery is GRANTED.

**IT IS SO ORDERED.**

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE